# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AHMED BAKERY, INC. d/b/a ) <br> BABYLON'S MARKET AND BAKERY ) <br> and AHMED HAMZAH, on behalf of ) <br> themselves and all others similarly ) <br> situated, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEASE FINANCE GROUP, LLC and ) <br> NORTHERN LEASING SYSTEMS, ) <br> INC., ) <br> ) <br>     Defendants. ) | Civil Action File No. <br> _____ |

## NOTICE OF REMOVAL

Defendants Lease Finance Group, LLC ("Lease Finance") and Northern Leasing Systems, Inc. ("Northern Leasing") (collectively, "Defendants"), pursuant to, *inter alia*, 28 U.S.C. §§ 1446 and 1453 hereby file their Notice of Removal of *Ahmed Bakery, Inc. d/b/a Babylon's Market and Bakery and Ahmed Hamzah, on behalf of themselves and all others similarly situated v. Lease Finance Group, LLC and Northern Leasing Systems, Inc.*, Civil Action 2017CV289236, pending in the Superior Court of Fulton County, State of Georgia (the "State Court Suit").

ATLANTA 1538991.2

Defendants remove the State Court Suit on the basis of diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA") and, in support hereof, state as follows:

## I.  PLAINTIFFS' STATE COURT CLAIMS

1. On or about April 26, 2017, Plaintiffs filed the State Court Suit asserting claims for fraud, negligent misrepresentation, concealment, money had and received, unjust enrichment, and unconscionability. All pleadings and process from the State Court Suit are attached hereto as Exhibit A.

2. Plaintiffs served the Summons and Complaint on Defendants on May 9, 2017.

3. Defendants have yet to file a responsive pleading in the State Court Suit.

## II.  GROUNDS FOR REMOVAL

4. As more specifically set forth below: (a) the State Court Suit is a proposed "class action" as defined in 28 U.S.C. Section 1332(d)(1)(B); (b) at least one member of the proposed class in the State Court Suit is a citizen of a state (Michigan) different from the state where Defendants are citizens; (c) there are more than 100 members of the putative class; and (d) the amount in controversy is in excess of $5,000,000, exclusive of interest and costs.

5. "CAFA … favors federal jurisdiction over class actions." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

### A.  Timeliness of Removal

6. Plaintiffs filed the Complaint on April 26, 2017.  (Exhibit A).

7. Defendants were served with the Complaint on May 9, 2017.  (Exhibit A).

8. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (finding time to remove begins from the date service is effectuated).

### B.  Minimal Diversity

9. 28 U.S.C. § 1332(d)(2)(A) provides that, assuming the amount-in-controversy requirement is satisfied, federal district courts have original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

10. For purposes of diversity jurisdiction, citizenship of an individual is determined by the individual's domicile at the time that the lawsuit is filed. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

11. For purposes of determining diversity of citizenship, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the

state of its principal place of business. *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344 (11th Cir. 2017). A limited liability company (LLC) is a citizen of any state of which a member of the company is a citizen. 28 U.S.C.A. §§ 1332(a), 1332(d). *Wright Transportation, Inc. v. Pilot Corp.*, 841 F.3d 1266, 1269 (11th Cir. 2016).

12. The principal place of business for purposes of diversity jurisdiction is determined using the "total activities" test. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). "For purposes of determining diversity, a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business. A corporation's principal place of business is determined by looking at the total activities of the corporation. This analysis incorporates both the place of activities test (focus on production or sales activities), and the nerve center test (emphasis on the locus of the managerial and policymaking functions of the corporation)." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (internal citations omitted).

13. Here, "minimal diversity" exists.

14. Plaintiff Ahmed Bakery, Inc. is a Michigan corporation that, upon information and belief, maintains its principal place of business in Michigan. The

named plaintiff Ahmed Hamzah is, upon information and belief, a citizen of Michigan. (Complaint, Exhibit A, ¶¶ 1-2).

15. Northern Leasing is incorporated in New York. Lease Finance is incorporated in Delaware. Both Northern Leasing and Lease Finance maintain their principal place of business in New Jersey. (Affidavit of Ron Kincheloe, Exhibit B, ¶ 4).

16. Lease Finance is an LLC whose sole member is LF Platform, LLC, a New York limited liability company. LF Platform, LLC has two members. The first member is the Cohen Marital Trust, whose trustee is Sima Cohen, a New Jersey resident, and whose beneficiaries are New York residents. The second member is the Mezei Marital Trust, whose trustee is Beverly Mezei, a New York resident, and whose beneficiaries are New York residents. (Affidavit of Ron Kincheloe, Exhibit B, ¶ 5).

17. Under CAFA, minimal diversity is all that is required. 28 U.S.C. § 1332(d)(2)(A) (federal district courts have original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

C. **100 or More Putative Class Members**

18. Under CAFA, there must be at least 100 purported class members. 28 U.S.C. § 1332(d)(5)(B).

19. Although Plaintiffs do not allege an exact number of putative class members, as alleged, the putative class exceeds 100. Plaintiffs define the putative class as:

> All United States persons or entities that were charged unauthorized amounts as a result of being improperly enrolled in a leasing agreement with Northern Leasing and/or Lease Finance Group.

(Complaint, Exhibit A, ¶ 23).

20. Plaintiffs allege that "[t]he time period for the Class is the number of years immediately preceding the date on which this Complaint was filed as allowed by the applicable statute of limitations, going forward into the future until such time as Defendants cease their improper conduct." (Complaint, Exhibit A, ¶ 26). The statute of limitations for fraud in Georgia is four years. O.C.G.A. § 9-3-31. Accordingly, the relevant time period, based solely on Plaintiffs' allegations, extends back in time until at least April 26, 2013 and, as alleged by Plaintiffs, into the future for some undetermined period of time.

21. Defendants have entered into leasing agreements with approximately 100,000 merchant businesses since April 26, 2013. (Affidavit of Ron Kincheloe, Exhibit B, ¶ 7). While Defendants deny that any of the merchant businesses were "charged unauthorized amounts as a result of being improperly enrolled", such a putative class could contain each such merchant business and, therefore, would

have approximately 100,000 potential members. Thus, as alleged, the putative class has over 100 members.

**D.     Amount in Controversy**

22.     "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

23.     Here, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

24.     As alleged, the putative class includes approximately 100,000 members.

25.     "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

26.     The relief Plaintiffs seek on behalf of themselves and the putative class includes: (a) actual, incidental, and consequential damages for themselves in an unspecified amount; (b) actual, incidental, and consequential damages for the putative class; (c) compensatory damages for themselves in an unspecified amount; (d) compensatory damages for the putative class; (e) restitution for themselves; (f) restitution for the putative class; (g) any and all applicable penalties and interest;

(g) punitive damages; (h) attorneys' fees, interest, and costs; and (i) any further relief the Court deems "just, equitable, and proper." Punitive damages are properly included in the calculation of the amount in controversy if punitive damages are available under the law of the state in which the claims were brought. *See Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007); *Stephenson v. Consolidated Rail Corp.*, 2013 WL 1750005, at *4 (D.N.J. Apr. 23, 2013). Under Georgia law, punitive damages are available under the causes of action advanced by Plaintiffs.

27. The merchant businesses that entered into leasing agreements with Defendants since April 26, 2013 have each been charged approximately $1,000 on average per year over that time period. (Affidavit of Ron Kincheloe, Exhibit B, ¶ 8).

28. Accordingly, given a potential class size of approximately 100,000 and an average charge of approximately $1,000 per year to each such putative class member over that same four year time period, the aggregate amount sought in this action is, based on the claim for restitution alone, in excess of $100,000,000 per year assuming each member paid the amounts due. This amount does not include a calculation for other damages claimed by Plaintiffs, including (a) actual, incidental, and consequential damages for themselves in an unspecified amount; (b) actual, incidental, and consequential damages for the putative class; (c) compensatory

damages for themselves in an unspecified amount; (d) compensatory damages for the putative class; (e) any and all applicable penalties and interest; (f) punitive damages; (g) attorneys' fees; and (i) any further relief the Court deems "just, equitable, and proper." (Affidavit of Ron Kincheloe, Exhibit B, ¶ 9).

29. Moreover, as the Court explained in *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014) (citation omitted), once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court."

E. **There Are No Exceptions To Jurisdiction Under CAFA**

30. None of the exceptions to this Court's original jurisdiction under 28 U.S.C. § 1332(d) apply to the State Court Suit.

31. The so-called "local controversy" exception (28 U.S.C. § 1332(d)(4)(A)(i)) does not apply. More than two-thirds of the members of the putative class are not citizens of Georgia. (Affidavit of Ron Kincheloe, Exhibit B, ¶ 11).

32. Moreover, it is clear from the Complaint that all of the causes of action and associated relief sought is targeted at both Defendants, neither of whom is a citizen of Georgia.

33. The so-called "home-state controversy" exception (28 U.S.C. § 1332(d)(4)(B)) does not apply. More than two-thirds of the members of the putative class are not citizens of Georgia. (Affidavit of Ron Kincheloe, Exhibit B, ¶ 11).

34. The exceptions contained in 28 U.S.C. § 1332(d)(5) do not apply. Defendants are not a State, State officials, or other government entities, and the proposed class is more numerous than 100 members. (Complaint, Exhibit A, ¶ 23; Affidavit of Ron Kincheloe, Exhibit B, ¶ 12).

### F. Procedural Requirements

35. The Superior Court of Fulton County, State of Georgia, is located in Fulton County, Georgia which is embraced by the Northern District of Georgia. Therefore, removal to the Northern District of Georgia is proper. 28 U.S.C. § 1441(a).

36. Venue, for purposes of removal, properly lies with this Court pursuant to 28 U.S.C. § 1446(a), as the State Court Suit is presently pending in the Superior Court of Fulton County, State of Georgia.

37. A copy of this Notice of Removal will be filed with the Superior Court of Fulton County, State of Georgia and served upon all adverse parties as required by 28 U.S.C. § 1446(d).

38. A copy of all process, pleadings and orders served by or upon Defendants is attached to this Notice of Removal as Exhibit A as required by 28 U.S.C. § 1446(a).

39. By this Notice of Removal, Defendants do not admit that Plaintiffs' allegations have any merit whatsoever, and expressly reserve the right to challenge all such allegations on any and all grounds available.

WHEREFORE, Defendants hereby remove the above-entitled civil action from the Superior Court of Fulton County, State of Georgia to the United States District Court for the Northern District of Georgia.

This 7th day of June, 2017.

*s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129

*s/ Steven D. Henry*
Steven D. Henry
Georgia Bar No. 348040

Attorneys for Defendants

SMITH MOORE LEATHERWOOD LLP
Regions Plaza
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 962-1000 - *Telephone*
(404) 962-1200 - *Facsimile*
*marshall.kent@smithmoorelaw.com*
*steven.henry@smithmoorelaw.com*

## CERTIFICATE OF SERVICE

This is to certify that I have this 7th day of June, 2017 served counsel for the opposing party in the foregoing matter with a copy of the foregoing by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon as follows:

>E. Adam Webb
>Webb, Klase & Lemond, LLC
>1900 The Exchange, SE, Suite 480
>Atlanta, Georgia 30339

This 7th day of June, 2017.

>*s/ G. Marshall Kent, Jr.*
>G. Marshall Kent, Jr.
>Georgia Bar No. 415129
>
>*s/ Steven D. Henry*
>Steven D. Henry
>Georgia Bar No. 348040
>
>Attorneys for Defendants

SMITH MOORE LEATHERWOOD LLP
Regions Plaza
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 962-1000 - *Telephone*
(404) 962-1200 - *Facsimile*
marshall.kent@smithmoorelaw.com
steven.henry@smithmoorelaw.com

# C E R T I F I C A T E

Lease Finance Group, LLC and Northern Leasing Systems, Inc., Defendants in the case of *Ahmed Bakery, Inc. d/b/a Babylon's Market and Bakery and Ahmed Hamzah, on behalf of themselves and all others similarly situated v. Lease Finance Group, LLC and Northern Leasing Systems, Inc.*, Civil Action 2017CV289236, filed in the Superior Court of Fulton County, Georgia, have given notice of the filing of the foregoing Notice of Removal to Plaintiffs by mailing a copy of said Notice of Removal to the attorney for Plaintiffs at his address in Atlanta, Georgia.  Defendants have also filed a copy of said Notice of Removal with the Clerk of the Superior Court of Fulton County, Georgia, in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  The undersigned, G. Marshall Kent, Jr., counsel of record for Defendants, hereby certifies to the truthfulness and correctness of the above statement.

This 7th day of June, 2017.

By:  *s/ G. Marshall Kent, Jr.*<br>G. Marshall Kent, Jr.<br>Georgia Bar No. 415129

SMITH MOORE LEATHERWOOD LLP
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone: 404-962-1000
Fax: 404-962-1200
*marshall.kent@smithmoorelaw.com*