# EXHIBIT A.


CT Corporation

**Service of Process Transmittal**
05/09/2017
CT Log Number 531191466

TO: Ariel Schachter
NORTHERN LEASING SYSTEMS, INC.
525 Washington Blvd
Jersey City, NJ 07310

RE: **Process Served in Georgia**

FOR: Northern Leasing Systems Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ahmed Bakery Inc., etc. and Ahmed Hamzah, on behalf of themselves and all others similarly situated, Pltfs. vs. Lease Finance Group, LLC and Northern Leasing Systems, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Fulton County Superior Court, Fulton, GA<br>Case # 2017CV289236 |
| **NATURE OF ACTION:** | Class Action - Defendants conducted a fraudulent scheme to entrap Plaintiffs into highly overpriced leases with extremely onerous terms as a result plaintiff sustained damages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/09/2017 at 10:23 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | E. Adam Webb<br>Webb, Kiase & Lemond, LLC<br>1900 The Exchange<br>SE, Suite 480<br>Atlanta, GA 30339<br>770- 444-0773 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0138242053<br><br>Image SOP<br><br>Email Notification,  Elliot Sussman  elliot@sussmanlaw.net |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 289 S Culver St.<br>Lawrenceville, GA 30046-4805 |
| **TELEPHONE:** | 866-286-4469 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Fulton County Superior Court
***EFILED***TV
Date: 4/26/2017 3:59:27 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

AHMED BAKERY, INC. d/b/a BABYLON'S
MARKET AND BAKERY and
AHMED HAMZAH, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

LEASE FINANCE GROUP, LLC and
NORTHERN LEASING SYSTEMS, INC.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION
    2017CV289236
FILE NO. _____

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon Plaintiff's Attorney, whose name and address is:

    E. Adam Webb
   Webb, Klase & Lemond, LLC
  1900 The Exchange, SE, Suite 480
    Atlanta, Georgia 30339

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

4/26/2017

This ___th day of April, 2017.

     Clerk of Fulton County Superior Court

     *Tracey Vaughn*

    By _____

Fulton County Superior Court
***EFILED***TV
Date: 4/26/2017 3:59:27 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| AHMED BAKERY, INC. d/b/a BABYLON'S MARKET AND BAKERY and AHMED HAMZAH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. _____ |
| LEASE FINANCE GROUP, LLC and NORTHERN LEASING SYSTEMS, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

2017CV289236

## CLASS ACTION COMPLAINT

Plaintiffs Ahmed Bakery, Inc., which formerly did business as Babylon's Market and Bakery, and Ahmed Hamzah, on behalf of themselves and the class of persons and entities preliminarily defined below, make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs, which are based on personal knowledge.

### PARTIES

1.

Plaintiff Ahmed Bakery, Inc. is a Michigan corporation which previously did business as Babylon's Market & Bakery (hereinafter "Babylon's Market").

2.

Plaintiff Ahmed Hamzah was the owner of Babylon's Market.

1

3.

Defendant Lease Finance Group, LLC ("LFG") is a New York limited liability company, a wholly owned subsidiary of, and a "pass through" entity for, Defendant Northern Leasing. All leases procured in its name are routinely and promptly transferred to Defendant Northern Leasing for "servicing."

4.

Defendant Northern Leasing Systems, Inc. ("Northern Leasing") is a New York corporation with its principal place of business at 132 West 31st Street, New York, New York 10001. Northern Leasing purports to offer micro-ticket leasing services to businesses seeking to spread the cost of utilizing credit card processing services over an extended period rather than paying the full cost of required equipment upfront. Northern Leasing can be served through its registered agent CT Corporation Systems at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

JURISDICTION AND VENUE

5.

This Court has jurisdiction over this case because Northern Leasing is registered to do business in the State of Georgia. Defendants Northern Leasing and LFG are in fact doing substantial business in the State of Georgia. Defendants have sufficient minimum contacts with the State of Georgia and intentionally avail themselves of the consumers and markets within the State of Georgia. This purposeful availment renders the exercise of jurisdiction by Georgia courts over Defendants permissible under judicially accepted notions of fair play and substantial justice. Moreover, Defendants are subject to the general jurisdiction of this Court because they have extensive operations within Georgia and Fulton County. Venue is also proper pursuant to O.C.G.A. § 9-10-31.

2

## FACTUAL ALLEGATIONS

### 6.

This case involves the systematic and repeated manner in which Defendants intimidate individuals and businesses nationwide an effort to bully them into paying Defendants monies to which Defendants were never entitled.

### 7.

Based on forged documents, which Defendants know to be forged, Defendants sought to intimidate Plaintiffs and members of the class with letters and phone calls, threatening them with lawsuits if Plaintiffs and the class members did not pay monies purportedly due under fraudulently obtained lease agreements.

### 8.

Moreover, Defendants reported to the credit bureaus that purported accounts were delinquent in hopes of convincing victims to pay monies that Defendants were not entitled to.

### 9.

As shown below through the facts of Plaintiffs, the repeated nature of the manner in which Defendants acted and their wrongful behavior set the pattern and practice of an unlawful scheme under the applicable common law.

**Plaintiffs' Experience with Defendants.**

### 10.

On October 28, 2014, Mr. Hamzah allegedly executed a non-cancellable lease agreement with Defendant Lease Finance Group, LLC. The alleged lease agreement does not have Mr. Hamzah's signature on the agreement, but rather is a document that has been completely typed with the exception of a digital signature that says "Sky." This digital signature purports to be an

3

authorized signature of Defendant Lease Finance Group, LLC.

11.

This lease agreement bound Mr. Hamzah and Ahmed Bakery, Inc. to make base monthly lease payments of $84 for a minimum lease term of 60 months. In addition to the base monthly payments of $84, Plaintiffs were required to pay a Loss & Damage Waiver fee of $4.95 per month and all applicable taxes.

12.

In exchange for the lease payments, Defendant Lease Finance Group, LLC provided Plaintiffs with an Ingenico Proxima X5 terminal and a Ingenico IPP220C pin pad.

13.

Plaintiffs did not execute this non-cancellable lease agreement with Defendant Lease Finance Group, LLC, which, as noted above, does not bear Mr. Hamzah's signature.

14.

Despite the unambiguous terms of the lease agreement regarding the base monthly rate and applicable add-ons, Defendant Lease Finance Group, LLC immediately began charging Mr. Hamzah and Ahmed Bakery, Inc. an amount that is inconsistent with the terms of the lease agreement.

15.

By way of example, Mr. Hamzah and Ahmed Bakery, Inc. were charged a monthly lease charge of $104.37 on November 4, 2014.

16.

At the time Mr. Hamzah and Ahmed Bakery, Inc. purportedly signed up for a 5-year equipment lease with Defendant Lease Finance Group, LLC, Mr. Hamzah and Ahmed Bakery,

4

Inc. were already paying Defendant Northern Leasing Systems, Inc. a monthly lease charge of $79.15 for other credit card processing equipment.

17.

Upon information and belief that monthly lease charge of $79.15 that Mr. Hamzah and Ahmed Bakery, Inc. were paying Defendant Northern Leasing Systems, Inc. an amount that is inconsistent with the terms of the lease agreement that purportedly exists between the parties.

18.

Thus Defendants were billing Plaintiffs excessive amounts under the alleged lease agreements for entirely duplicative services.

19.

Upon discovering these various unlawful, unfair, and fraudulent business practices, Mr. Hamzah contacted and/or attempted to contact Northern Leasing and LFG to demand that all services be terminated and all previously charged fees be refunded.

20.

Defendants refused to terminate their services and have steadfastly refused to refund any of the fees that they have previously deducted from Plaintiffs' account, claiming that they were authorized by the (un-executed and unconscionable) lease agreements.

21.

Moreover, LFG has sent Mr. Hamzah and Babylon's Market a "Final Demand" letter threatening to commence a civil action against them to recover all monies due under the lease agreement including interest, court costs, and attorney's fees, unless Plaintiffs paid LFG $7112.67.

5

22.

Plaintiffs' experiences are typical to those experienced by other customers of Northern Leasing and Lease Finance Group, who have been fraudulently enrolled into lease agreements with Defendants.

## CLASS ACTION ALLEGATIONS

23.

Ahmed Bakery, Inc. and Ahmed Hamzah bring this class action on behalf of themselves and the following class of persons:

> All United States persons or entities that were charged unauthorized amounts as a result of being improperly enrolled in a leasing agreement with Northern Leasing and/or Lease Finance Group.

24.

Plaintiffs reserve the right to modify or amend the definition of the proposed Class, or add other proposed classes or subclasses, before the Court determines whether certification is appropriate and as the Court may otherwise allow.

25.

Excluded from the Class are Defendants' officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

26.

The time period for the Class is the number of years immediately preceding the date on which this Complaint was filed as allowed by the applicable statute of limitations, going forward into the future until such time as Defendants cease their improper conduct.

6

27.

Numerosity: The members of the proposed Class are so numerous that individual joinder of all members is impracticable. The exact number and identities of the members of the proposed Class are unknown at this time and can be ascertained only through appropriate discovery.

28.

Common Questions of Law and Fact Predominate: There are many questions of law and fact common to Plaintiffs and the Class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of law and fact include, but are not limited to:

        a.     Instructed sales personnel to engage in unlawful, unfair, and/or fraudulent business practices to close deals with merchants;

        b.     Deceptively formatted contracts and statements in order to hide improper, unauthorized charges;

        c.     Imposed unauthorized charges;

        d.     Required merchants to enter into standardized account agreements which included unconscionable or otherwise unenforceable provisions; and

        e.     Were unjustly enriched through their billing practices.

29.

Typicality: Plaintiffs' claims are typical of the claims of other members of the Class in that they arise out of the same wrongful policies and practices and the same or substantially similar unconscionable provisions of the contract documents. Plaintiffs have suffered the harm alleged and have no interests antagonistic to the interests of any other member of the Class.

30.

Adequacy of Representation:  Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting complex and consumer class action litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.

31.

Superiority of Class Action:  Plaintiffs and the members of the Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the Class is impractical.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the Class members.

32.

Risk of Inconsistent or Varying Adjudication:  Class action treatment is proper, and this action should be maintained as a class action because the risks of separate actions by individual members of the Class would create a risk of:  (a) inconsistent or varying adjudications with

8

respect to individual Class members which would establish incompatible standards of conduct for the Defendants as the parties opposing the Class; and/or (b) adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of other Class members not party to the adjudication or would substantially impair or impeded their ability to protect their interests.

33.

Action Generally Applicable to Class as a Whole: Defendants, as the parties opposing the Class, have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

REQUESTS FOR RELIEF

COUNT ONE

FRAUD

34.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

35.

Defendants conducted a fraudulent scheme to entrap Plaintiffs into highly overpriced leases with extremely onerous terms. They willfully and knowingly made, or caused to be made, affirmative misrepresentations of material facts in the furtherance of this scheme. They also willfully and knowingly concealed material facts from Plaintiffs including the true value of the leased equipment, and routinely failed to give Plaintiffs a copy of the lease or even to reveal the existence of more than the first page of the lease.

9

36.

Defendants knew of the falsity of the misrepresentations at the time these misrepresentations were made. Defendants also knew the material nature of the facts that they willfully concealed from Plaintiffs, and that Defendants ought to have disclosed these facts at that time to the Plaintiffs. Defendants had superior knowledge not available to Plaintiffs; as such, they had the duty to disclose the facts.

37.

Plaintiffs relied upon Defendants' representations, and were unaware of the falsity or misleading nature of the representations. Plaintiffs' reliance was reasonable under the circumstances. As a result of such reliance, Plaintiffs sustained damages.

38.

By engaging in the conduct described above, Defendants committed a fraud upon Plaintiffs. Moreover, Defendants' wanton conduct was systematic, in reckless disregard of their statutory and other duties, tantamount to criminal indifference to civil obligations, and unconscionable.

39.

Defendants are therefore liable to pay Plaintiffs compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate. In addition, Plaintiffs is also entitled to the equitable remedies of rescission, and injunctive and declaratory relief.

## COUNT TWO

## NEGLIGENT MISREPRESENTATION

40.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

41.

Defendants conducted a fraudulent scheme to entrap Plaintiffs into highly overpriced leases with extremely onerous terms.   They made, or caused to be made, affirmative misrepresentations of material facts in furtherance of this scheme.  They also concealed material facts from Plaintiffs including the true value of the leased equipment, and routinely failed to give Plaintiffs a copy of the lease agreement.

42.

Defendants ought to have known the falsity of the misrepresentations.  Defendants had superior knowledge not available to Plaintiffs; as such, they had the duty to disclose the facts.

43.

Plaintiffs relied upon Defendants' representations, and were unaware of the falsity or misleading nature of the representations. Plaintiffs' reliance was reasonable under the circumstances.  As a result of such reliance, Plaintiffs sustained damages.

44.

By engaging in the conduct described above, Defendants committed the tort of negligent misrepresentation upon Plaintiffs.

11

45.

Defendants are therefore liable to pay Plaintiffs damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate. In addition, Plaintiffs are also entitled to the equitable remedy of rescission, and injunctive and declaratory relief.

## COUNT THREE

### CONCEALMENT

46.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

47.

Defendants concealed or suppressed a material fact in that Defendants' sales representatives concealed the actual value of the leased equipment and the actual terms of the lease.

48.

Defendants were under a duty to disclose the fact to Plaintiffs; Defendants intentionally concealed or suppressed the fact with the intent to defraud Plaintiffs by inducing Plaintiffs to enter into a lease which was oppressive and onerous; Plaintiffs were unaware of the concealed fact and would have acted differently with knowledge of the concealed fact; and Plaintiffs suffered damage as a result of the concealed fact.

## COUNT FOUR

## MONEY HAD AND RECEIVED

### 49.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

### 50.

By the aforesaid unlawful acts, Defendants unlawfully billed and collected money to which they were not entitled.   They received money belonging to Plaintiffs.   Defendants benefited from the receipt of money and, under principles of equity and good conscience, they should not be permitted to keep the money.

### 51.

Defendants must not be permitted to take advantage of their own wrongs and retain, collect, or continue collecting such money.

### 52.

Moreover, Defendants are liable to pay Plaintiffs compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate.

## COUNT FIVE

## UNJUST ENRICHMENT

### 53.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

54.

By collecting excessive charges, Defendants benefited at the expense of Plaintiffs. Equity and good conscience require that Defendants be ordered to repay these sums to Plaintiffs towards restitution.

55.

Defendants must not be permitted to take advantage of their own wrongs and retain, collect, or continue collecting these illegal charges hereon.

56.

Moreover, Defendants are liable to pay Plaintiffs compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate.

## COUNT SIX

## UNCONSCIONABILITY

57.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

58.

Defendants have imposed adhesive, unfair, and draconian terms in their merchant agreements.

59.

The merchant contracts are, as a whole or in part, substantively and procedurally unconscionable.

14

60.

Indeed, the merchant contracts are contracts of adhesion in that they are standardized forms, imposed and drafted by Defendants, which are the parties of vastly superior bargaining strength, that only allowed Plaintiffs and the Class members the opportunity to adhere to them or reject them entirely.

61.

The merchant contracts are deceptive, unfair, illusory, and misleading to any extent they allow Defendants to perpetrate the grossly improper acts described herein.

62.

Considering the great business acumen and experience of Defendants in relation to Plaintiffs and the Class members, the great disparity in the parties' relative bargaining power, the inconspicuousness and incomprehensibility of the contract language at issue, the oppressiveness of the terms, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns, the merchant contracts are unconscionable and, therefore, unenforceable as a matter of law.

63.

Plaintiffs and the Class members have sustained damages as a result of Defendants' unconscionable merchant contracts as alleged herein.

64.

Accordingly, Plaintiffs seek monetary, declaratory, and injunctive relief, including attorneys' fees and costs of suit.

WHEREFORE, Plaintiffs Ahmed Bakery, Inc. and Ahmed Hamzah, on behalf of themselves and the proposed Class, request that this Court:

15

(a)    Certify this case as a class action pursuant to O.C.G.A. § 9-11-23;

(b)    Award Plaintiffs and the Class actual, incidental, and consequential damages in an amount to be proven at trial, including any and all compensatory damages, punitive damages, restitution, any applicable penalties and interest, authorized attorneys' fees, interest, and costs, and any further relief as the Court deems just, equitable, and proper;

(c)    Award all reasonable costs and attorneys' fees incurred by Plaintiffs;

(d)    Hold a trial by jury on all matters; and

(e)    Provide such further relief as the Court may deem just and equitable.

DATED this 26th day April, 2017.

Respectfully submitted,

BY:    WEBB, KLASE & LEMOND, LLC

*/s/ E. Adam Webb*
E. Adam Webb
  Georgia Bar No. 743910
G. Franklin Lemond, Jr.
  Georgia Bar No. 141315

1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
(770) 444-0773
(770) 217-9950 (fax)
Adam@WebbLLC.com
Franklin@WebbLLC.com

*Attorneys for Plaintiffs*

16

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **AHMED BAKERY, INC. d/b/a** | ) | |
| **BABYLON'S MARKET AND BAKERY** | ) | |
| **and AHMED HAMZAH, on behalf of** | ) | |
| **themselves and all others similarly** | ) | **Civil Action File No.** |
| **situated,** | ) | **2017CV289236** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LEASE FINANCE GROUP, LLC and** | ) | |
| **NORTHERN LEASING SYSTEMS,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT</u>

Notice hereby is given that Defendants Lease Finance Group, LLC ("Lease Finance") and Northern Leasing Systems, Inc. ("Northern Leasing") (collectively, "Defendants") filed in the United States District Court for the Northern District of Georgia, Atlanta Division, their Notice of Removal of the above-styled action to the United States District Court in accordance with the provisions of, *inter alia*, 28 U.S.C. §§ 1446 and 1453. Attached hereto and made a part hereof is a true copy of said Notice of Removal and all papers and exhibits attached thereto.

This 7th day of June, 2017.

*s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129

<u>s/  Steven D. Henry</u>
Steven D. Henry
Georgia Bar No. 348040

Attorneys for Defendants

SMITH MOORE LEATHERWOOD LLP
Regions Plaza
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 962-1000 - *Telephone*
(404) 962-1200 - *Facsimile*
*marshall.kent@smithmoorelaw.com*
*steven.henry@smithmoorelaw.com*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this 7th day of June, 2017 served counsel for the opposing party in the foregoing matter with a copy of the foregoing by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon as follows:

E. Adam Webb
Webb, Klase & Lemond, LLC
1900 The Exchange, SE, Suite 480
Atlanta, Georgia 30339

This 7th day of June, 2017.

*s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129

*s/ Steven D. Henry*
Steven D. Henry
Georgia Bar No. 348040

Attorneys for Defendants

SMITH MOORE LEATHERWOOD LLP
Regions Plaza
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 962-1000 - *Telephone*
(404) 962-1200 - *Facsimile*
*marshall.kent@smithmoorelaw.com*
*steven.henry@smithmoorelaw.com*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **AHMED BAKERY, INC. d/b/a** | ) | |
| **BABYLON'S MARKET AND BAKERY** | ) | |
| **and AHMED HAMZAH, on behalf of** | ) | |
| **themselves and all others similarly** | ) | **Civil Action File No.** |
| **situated,** | ) | _____ |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LEASE FINANCE GROUP, LLC and** | ) | |
| **NORTHERN LEASING SYSTEMS,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendants Lease Finance Group, LLC ("Lease Finance") and Northern Leasing Systems, Inc. ("Northern Leasing") (collectively, "Defendants"), pursuant to, *inter alia*, 28 U.S.C. §§ 1446 and 1453 hereby file their Notice of Removal of *Ahmed Bakery, Inc. d/b/a Babylon's Market and Bakery and Ahmed Hamzah, on behalf of themselves and all others similarly situated v. Lease Finance Group, LLC and Northern Leasing Systems, Inc.*, Civil Action 2017CV289236, pending in the Superior Court of Fulton County, State of Georgia (the "State Court Suit").

Defendants remove the State Court Suit on the basis of diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA") and, in support hereof, state as follows:

## I.   PLAINTIFFS' STATE COURT CLAIMS

1.   On or about April 26, 2017, Plaintiffs filed the State Court Suit asserting claims for fraud, negligent misrepresentation, concealment, money had and received, unjust enrichment, and unconscionability.  All pleadings and process from the State Court Suit are attached hereto as Exhibit A.

2.   Plaintiffs served the Summons and Complaint on Defendants on May 9, 2017.

3.   Defendants have yet to file a responsive pleading in the State Court Suit.

## II.   GROUNDS FOR REMOVAL

4.   As more specifically set forth below: (a) the State Court Suit is a proposed "class action" as defined in 28 U.S.C. Section 1332(d)(1)(B); (b) at least one member of the proposed class in the State Court Suit is a citizen of a state (Michigan) different from the state where Defendants are citizens; (c) there are more than 100 members of the putative class; and (d) the amount in controversy is in excess of $5,000,000, exclusive of interest and costs.

2

5.     "CAFA … favors federal jurisdiction over class actions." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

**A.     Timeliness of Removal**

6.     Plaintiffs filed the Complaint on April 26, 2017.  (Exhibit A).

7.     Defendants were served with the Complaint on May 9, 2017.  (Exhibit A).

8.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (finding time to remove begins from the date service is effectuated).

**B.     Minimal Diversity**

9.     28 U.S.C. § 1332(d)(2)(A) provides that, assuming the amount-in-controversy requirement is satisfied, federal district courts have original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

10.     For purposes of diversity jurisdiction, citizenship of an individual is determined by the individual's domicile at the time that the lawsuit is filed. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

11.     For purposes of determining diversity of citizenship, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the

state of its principal place of business.  *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344 (11th Cir. 2017).  A limited liability company (LLC) is a citizen of any state of which a member of the company is a citizen. 28 U.S.C.A. §§ 1332(a), 1332(d).  *Wright Transportation, Inc. v. Pilot Corp.*, 841 F.3d 1266, 1269 (11th Cir. 2016).

12.    The principal place of business for purposes of diversity jurisdiction is determined using the "total activities" test.  *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).  "For purposes of determining diversity, a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business.  A corporation's principal place of business is determined by looking at the total activities of the corporation.  This analysis incorporates both the place of activities test (focus on production or sales activities), and the nerve center test (emphasis on the locus of the managerial and policymaking functions of the corporation)." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (internal citations omitted).

13.    Here, "minimal diversity" exists.

14.    Plaintiff Ahmed Bakery, Inc. is a Michigan corporation that, upon information and belief, maintains its principal place of business in Michigan.  The

4

named plaintiff Ahmed Hamzah is, upon information and belief, a citizen of Michigan.  (Complaint, Exhibit A, ¶¶ 1-2).

15.    Northern Leasing is incorporated in New York.  Lease Finance is incorporated in Delaware.  Both Northern Leasing and Lease Finance maintain their principal place of business in New Jersey.  (Affidavit of Ron Kincheloe, Exhibit B, ¶ 4).

16.    Lease Finance is an LLC whose sole member is LF Platform, LLC, a New York limited liability company.  LF Platform, LLC has two members.  The first member is the Cohen Marital Trust, whose trustee is Sima Cohen, a New Jersey resident, and whose beneficiaries are New York residents.  The second member is the Mezei Marital Trust, whose trustee is Beverly Mezei, a New York resident, and whose beneficiaries are New York residents.  (Affidavit of Ron Kincheloe, Exhibit B, ¶ 5).

17.    Under CAFA, minimal diversity is all that is required.  28 U.S.C. § 1332(d)(2)(A) (federal district courts have original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

## C.    100 or More Putative Class Members

18.    Under CAFA, there must be at least 100 purported class members.  28 U.S.C. § 1332(d)(5)(B).

5

19.     Although Plaintiffs do not allege an exact number of putative class members, as alleged, the putative class exceeds 100.  Plaintiffs define the putative class as:

> All United States persons or entities that were charged unauthorized amounts as a result of being improperly enrolled in a leasing agreement with Northern Leasing and/or Lease Finance Group.

(Complaint, Exhibit A, ¶ 23).

20.     Plaintiffs allege that "[t]he time period for the Class is the number of years immediately preceding the date on which this Complaint was filed as allowed by the applicable statute of limitations, going forward into the future until such time as Defendants cease their improper conduct."  (Complaint, Exhibit A, ¶ 26).  The statute of limitations for fraud in Georgia is four years.  O.C.G.A. § 9-3-31.  Accordingly, the relevant time period, based solely on Plaintiffs' allegations, extends back in time until at least April 26, 2013 and, as alleged by Plaintiffs, into the future for some undetermined period of time.

21.     Defendants have entered into leasing agreements with approximately 100,000 merchant businesses since April 26, 2013.  (Affidavit of Ron Kincheloe, Exhibit B, ¶ 7).  While Defendants deny that any of the merchant businesses were "charged unauthorized amounts as a result of being improperly enrolled", such a putative class could contain each such merchant business and, therefore, would

6

have approximately 100,000 potential members.  Thus, as alleged, the putative class

has over 100 members.

**D.     Amount in Controversy**

22.     "In any class action, the claims of the individual class members shall

be aggregated to determine whether the matter in controversy exceeds the sum or

value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

23.     Here, the amount in controversy exceeds $5,000,000, exclusive of

interest and costs.  28 U.S.C. § 1332(d)(2).

24.     As alleged, the putative class includes approximately 100,000

members.

25.     "Where, as here, the plaintiff has not pled a specific amount of

damages, the removing defendant must prove by a preponderance of the evidence

that the amount in controversy exceeds the jurisdictional requirement."  *Pretka v.*

*Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

26.     The relief Plaintiffs seek on behalf of themselves and the putative

class includes: (a) actual, incidental, and consequential damages for themselves in

an unspecified amount; (b) actual, incidental, and consequential damages for the

putative class; (c) compensatory damages for themselves in an unspecified amount;

(d) compensatory damages for the putative class; (e) restitution for themselves; (f)

restitution for the putative class; (g) any and all applicable penalties and interest;

7

(g) punitive damages; (h) attorneys' fees, interest, and costs; and (i) any further relief the Court deems "just, equitable, and proper."  Punitive damages are properly included in the calculation of the amount in controversy if punitive damages are available under the law of the state in which the claims were brought.  *See Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007); *Stephenson v. Consolidated Rail Corp.*, 2013 WL 1750005, at *4 (D.N.J. Apr. 23, 2013).  Under Georgia law, punitive damages are available under the causes of action advanced by Plaintiffs.

27.    The merchant businesses that entered into leasing agreements with Defendants since April 26, 2013 have each been charged approximately $1,000 on average per year over that time period.  (Affidavit of Ron Kincheloe, Exhibit B, ¶ 8).

28.    Accordingly, given a potential class size of approximately 100,000 and an average charge of approximately $1,000 per year to each such putative class member over that same four year time period, the aggregate amount sought in this action is, based on the claim for restitution alone, in excess of $100,000,000 per year assuming each member paid the amounts due.  This amount does not include a calculation for other damages claimed by Plaintiffs, including (a) actual, incidental, and consequential damages for themselves in an unspecified amount; (b) actual, incidental, and consequential damages for the putative class; (c) compensatory

8

damages for themselves in an unspecified amount; (d) compensatory damages for the putative class; (e) any and all applicable penalties and interest; (f) punitive damages; (g) attorneys' fees; and (i) any further relief the Court deems "just, equitable, and proper." (Affidavit of Ron Kincheloe, Exhibit B, ¶ 9).

29.     Moreover, as the Court explained in *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014) (citation omitted), once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court."

## E.     There Are No Exceptions To Jurisdiction Under CAFA

30.     None of the exceptions to this Court's original jurisdiction under 28 U.S.C. § 1332(d) apply to the State Court Suit.

31.     The so-called "local controversy" exception (28 U.S.C. § 1332(d)(4)(A)(i)) does not apply.  More than two-thirds of the members of the putative class are not citizens of Georgia.  (Affidavit of Ron Kincheloe, Exhibit B, ¶ 11).

32.     Moreover, it is clear from the Complaint that all of the causes of action and associated relief sought is targeted at both Defendants, neither of whom is a citizen of Georgia.

9

33.     The so-called "home-state controversy" exception (28 U.S.C. § 1332(d)(4)(B)) does not apply.   More than two-thirds of the members of the putative class are not citizens of Georgia.  (Affidavit of Ron Kincheloe, Exhibit B, ¶ 11).

34.     The exceptions contained in 28 U.S.C. § 1332(d)(5) do not apply. Defendants are not a State, State officials, or other government entities, and the proposed class is more numerous than 100 members.  (Complaint, Exhibit A, ¶ 23; Affidavit of Ron Kincheloe, Exhibit B, ¶ 12).

**F.     Procedural Requirements**

35.     The Superior Court of Fulton County, State of Georgia, is located in Fulton County, Georgia which is embraced by the Northern District of Georgia. Therefore, removal to the Northern District of Georgia is proper.  28 U.S.C. § 1441(a).

36.     Venue, for purposes of removal, properly lies with this Court pursuant to 28 U.S.C. § 1446(a), as the State Court Suit is presently pending in the Superior Court of Fulton County, State of Georgia.

37.     A copy of this Notice of Removal will be filed with the Superior Court of Fulton County, State of Georgia and served upon all adverse parties as required by 28 U.S.C. § 1446(d).

10

38.    A copy of all process, pleadings and orders served by or upon Defendants is attached to this Notice of Removal as Exhibit A as required by 28 U.S.C. § 1446(a).

39.    By this Notice of Removal, Defendants do not admit that Plaintiffs' allegations have any merit whatsoever, and expressly reserve the right to challenge all such allegations on any and all grounds available.

WHEREFORE, Defendants hereby remove the above-entitled civil action from the Superior Court of Fulton County, State of Georgia to the United States District Court for the Northern District of Georgia.

This 7th day of June, 2017.

*s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129

*s/ Steven D. Henry*
Steven D. Henry
Georgia Bar No. 348040

Attorneys for Defendants

SMITH MOORE LEATHERWOOD LLP
Regions Plaza
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 962-1000 - *Telephone*
(404) 962-1200 - *Facsimile*
*marshall.kent@smithmoorelaw.com*
*steven.henry@smithmoorelaw.com*

11

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 7th day of June, 2017 served counsel for the opposing party in the foregoing matter with a copy of the foregoing by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon as follows:

E. Adam Webb
Webb, Klase & Lemond, LLC
1900 The Exchange, SE, Suite 480
Atlanta, Georgia 30339

This 7th day of June, 2017.

*s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129

*s/ Steven D. Henry*
Steven D. Henry
Georgia Bar No. 348040

Attorneys for Defendants

SMITH MOORE LEATHERWOOD LLP
Regions Plaza
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 962-1000 - *Telephone*
(404) 962-1200 - *Facsimile*
*marshall.kent@smithmoorelaw.com*
*steven.henry@smithmoorelaw.com*

## C E R T I F I C A T E

Lease Finance Group, LLC and Northern Leasing Systems, Inc., Defendants in the case of *Ahmed Bakery, Inc. d/b/a Babylon's Market and Bakery and Ahmed Hamzah, on behalf of themselves and all others similarly situated v. Lease Finance Group, LLC and Northern Leasing Systems, Inc.*, Civil Action 2017CV289236, filed in the Superior Court of Fulton County, Georgia, have given notice of the filing of the foregoing Notice of Removal to Plaintiffs by mailing a copy of said Notice of Removal to the attorney for Plaintiffs at his address in Atlanta, Georgia.  Defendants have also filed a copy of said Notice of Removal with the Clerk of the Superior Court of Fulton County, Georgia, in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  The undersigned, G. Marshall Kent, Jr., counsel of record for Defendants, hereby certifies to the truthfulness and correctness of the above statement.

This 7th day of June, 2017.

By:    *s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.
Georgia Bar No. 415129

SMITH MOORE LEATHERWOOD LLP
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone: 404-962-1000
Fax: 404-962-1200
*marshall.kent@smithmoorelaw.com*

13

# EXHIBIT A.

 CT Corporation

**Service of Process Transmittal**
05/09/2017
CT Log Number 531191466

TO: Ariel Schachter
NORTHERN LEASING SYSTEMS, INC.
525 Washington Blvd
Jersey City, NJ 07310

RE: **Process Served in Georgia**

FOR: Northern Leasing Systems Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Ahmed Bakery Inc., etc. and Ahmed Hamzah, on behalf of themselves and all others similarly situated, Pltfs. vs. Lease Finance Group, LLC and Northern Leasing Systems, Inc., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Fulton County Superior Court, Fulton, GA Case # 2017CV289236 |
| NATURE OF ACTION: | Class Action - Defendants conducted a fraudulent scheme to entrap Plaintiffs into highly overpriced leases with extremely onerous terms as a result plaintiff sustained damages |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Atlanta, GA |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/09/2017 at 10:23 |
| JURISDICTION SERVED : | Georgia |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | E. Adam Webb Webb, Kiase & Lemond, LLC 1900 The Exchange SE, Suite 480 Atlanta, GA 30339 770- 444-0773 |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0138242053 |
| | Image SOP |
| | Email Notification,  Elliot Sussman  elliot@sussmanlaw.net |
| SIGNED: | C T Corporation System |
| ADDRESS: | 289 S Culver St. Lawrenceville, GA 30046-4805 |
| TELEPHONE: | 866-286-4469 |

Page 1 of  1 / RT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Fulton County Superior Court
***EFILED***TV
Date: 4/26/2017 3:59:27 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

|  |  |  |
|---|---|---|
| AHMED BAKERY, INC. d/b/a BABYLON'S MARKET AND BAKERY and AHMED HAMZAH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) | CIVIL ACTION 2017CV289236 |
| v. | ) ) | FILE NO. _____ |
| LEASE FINANCE GROUP, LLC and NORTHERN LEASING SYSTEMS, INC., | ) ) ) ) |  |
| Defendants. | ) ) |  |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon Plaintiff's Attorney, whose name and address is:

E. Adam Webb
Webb, Klase & Lemond, LLC
1900 The Exchange, SE, Suite 480
Atlanta, Georgia 30339

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

4/26/2017

This ___th day of April, 2017.

Clerk of Fulton County Superior Court

By _____

Fulton County Superior Court
***EFILED***TV
Date: 4/26/2017 3:59:27 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| AHMED BAKERY, INC. d/b/a BABYLON'S MARKET AND BAKERY and AHMED HAMZAH, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | 2017CV289236 |
| v. ) | FILE NO. _____ |
| ) | |
| LEASE FINANCE GROUP, LLC and NORTHERN LEASING SYSTEMS, INC., )<br>)<br>) | |
| ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Ahmed Bakery, Inc., which formerly did business as Babylon's Market and Bakery, and Ahmed Hamzah, on behalf of themselves and the class of persons and entities preliminarily defined below, make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs, which are based on personal knowledge.

### PARTIES

1.

Plaintiff Ahmed Bakery, Inc. is a Michigan corporation which previously did business as Babylon's Market & Bakery (hereinafter "Babylon's Market").

2.

Plaintiff Ahmed Hamzah was the owner of Babylon's Market.

1

3.

Defendant Lease Finance Group, LLC ("LFG") is a New York limited liability company, a wholly owned subsidiary of, and a "pass through" entity for, Defendant Northern Leasing. All leases procured in its name are routinely and promptly transferred to Defendant Northern Leasing for "servicing."

4.

Defendant Northern Leasing Systems, Inc. ("Northern Leasing") is a New York corporation with its principal place of business at 132 West 31st Street, New York, New York 10001. Northern Leasing purports to offer micro-ticket leasing services to businesses seeking to spread the cost of utilizing credit card processing services over an extended period rather than paying the full cost of required equipment upfront. Northern Leasing can be served through its registered agent CT Corporation Systems at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this case because Northern Leasing is registered to do business in the State of Georgia. Defendants Northern Leasing and LFG are in fact doing substantial business in the State of Georgia. Defendants have sufficient minimum contacts with the State of Georgia and intentionally avail themselves of the consumers and markets within the State of Georgia. This purposeful availment renders the exercise of jurisdiction by Georgia courts over Defendants permissible under judicially accepted notions of fair play and substantial justice. Moreover, Defendants are subject to the general jurisdiction of this Court because they have extensive operations within Georgia and Fulton County. Venue is also proper pursuant to O.C.G.A. § 9-10-31.

2

## FACTUAL ALLEGATIONS

### 6.

This case involves the systematic and repeated manner in which Defendants intimidate individuals and businesses nationwide an effort to bully them into paying Defendants monies to which Defendants were never entitled.

### 7.

Based on forged documents, which Defendants know to be forged, Defendants sought to intimidate Plaintiffs and members of the class with letters and phone calls, threatening them with lawsuits if Plaintiffs and the class members did not pay monies purportedly due under fraudulently obtained lease agreements.

### 8.

Moreover, Defendants reported to the credit bureaus that purported accounts were delinquent in hopes of convincing victims to pay monies that Defendants were not entitled to.

### 9.

As shown below through the facts of Plaintiffs, the repeated nature of the manner in which Defendants acted and their wrongful behavior set the pattern and practice of an unlawful scheme under the applicable common law.

**Plaintiffs' Experience with Defendants.**

### 10.

On October 28, 2014, Mr. Hamzah allegedly executed a non-cancellable lease agreement with Defendant Lease Finance Group, LLC. The alleged lease agreement does not have Mr. Hamzah's signature on the agreement, but rather is a document that has been completely typed with the exception of a digital signature that says "Sky." This digital signature purports to be an

3

authorized signature of Defendant Lease Finance Group, LLC.

11.

This lease agreement bound Mr. Hamzah and Ahmed Bakery, Inc. to make base monthly lease payments of $84 for a minimum lease term of 60 months. In addition to the base monthly payments of $84, Plaintiffs were required to pay a Loss & Damage Waiver fee of $4.95 per month and all applicable taxes.

12.

In exchange for the lease payments, Defendant Lease Finance Group, LLC provided Plaintiffs with an Ingenico Proxima X5 terminal and a Ingenico IPP220C pin pad.

13.

Plaintiffs did not execute this non-cancellable lease agreement with Defendant Lease Finance Group, LLC, which, as noted above, does not bear Mr. Hamzah's signature.

14.

Despite the unambiguous terms of the lease agreement regarding the base monthly rate and applicable add-ons, Defendant Lease Finance Group, LLC immediately began charging Mr. Hamzah and Ahmed Bakery, Inc. an amount that is inconsistent with the terms of the lease agreement.

15.

By way of example, Mr. Hamzah and Ahmed Bakery, Inc. were charged a monthly lease charge of $104.37 on November 4, 2014.

16.

At the time Mr. Hamzah and Ahmed Bakery, Inc. purportedly signed up for a 5-year equipment lease with Defendant Lease Finance Group, LLC, Mr. Hamzah and Ahmed Bakery,

4

Inc. were already paying Defendant Northern Leasing Systems, Inc. a monthly lease charge of $79.15 for other credit card processing equipment.

17.

Upon information and belief that monthly lease charge of $79.15 that Mr. Hamzah and Ahmed Bakery, Inc. were paying Defendant Northern Leasing Systems, Inc. an amount that is inconsistent with the terms of the lease agreement that purportedly exists between the parties.

18.

Thus Defendants were billing Plaintiffs excessive amounts under the alleged lease agreements for entirely duplicative services.

19.

Upon discovering these various unlawful, unfair, and fraudulent business practices, Mr. Hamzah contacted and/or attempted to contact Northern Leasing and LFG to demand that all services be terminated and all previously charged fees be refunded.

20.

Defendants refused to terminate their services and have steadfastly refused to refund any of the fees that they have previously deducted from Plaintiffs' account, claiming that they were authorized by the (un-executed and unconscionable) lease agreements.

21.

Moreover, LFG has sent Mr. Hamzah and Babylon's Market a "Final Demand" letter threatening to commence a civil action against them to recover all monies due under the lease agreement including interest, court costs, and attorney's fees, unless Plaintiffs paid LFG $7112.67.

5

22.

Plaintiffs' experiences are typical to those experienced by other customers of Northern Leasing and Lease Finance Group, who have been fraudulently enrolled into lease agreements with Defendants.

## CLASS ACTION ALLEGATIONS

23.

Ahmed Bakery, Inc. and Ahmed Hamzah bring this class action on behalf of themselves and the following class of persons:

> All United States persons or entities that were charged unauthorized amounts as a result of being improperly enrolled in a leasing agreement with Northern Leasing and/or Lease Finance Group.

24.

Plaintiffs reserve the right to modify or amend the definition of the proposed Class, or add other proposed classes or subclasses, before the Court determines whether certification is appropriate and as the Court may otherwise allow.

25.

Excluded from the Class are Defendants' officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

26.

The time period for the Class is the number of years immediately preceding the date on which this Complaint was filed as allowed by the applicable statute of limitations, going forward into the future until such time as Defendants cease their improper conduct.

6

27.

Numerosity: The members of the proposed Class are so numerous that individual joinder of all members is impracticable. The exact number and identities of the members of the proposed Class are unknown at this time and can be ascertained only through appropriate discovery.

28.

Common Questions of Law and Fact Predominate: There are many questions of law and fact common to Plaintiffs and the Class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of law and fact include, but are not limited to:

      a.    Instructed sales personnel to engage in unlawful, unfair, and/or fraudulent business practices to close deals with merchants;

      b.    Deceptively formatted contracts and statements in order to hide improper, unauthorized charges;

      c.    Imposed unauthorized charges;

      d.    Required merchants to enter into standardized account agreements which included unconscionable or otherwise unenforceable provisions; and

      e.    Were unjustly enriched through their billing practices.

29.

Typicality: Plaintiffs' claims are typical of the claims of other members of the Class in that they arise out of the same wrongful policies and practices and the same or substantially similar unconscionable provisions of the contract documents. Plaintiffs have suffered the harm alleged and have no interests antagonistic to the interests of any other member of the Class.

30.

Adequacy of Representation:  Plaintiffs will fairly and adequately represent and protect the interests of the Class.   Plaintiffs have retained counsel with substantial experience in prosecuting complex and consumer class action litigation.   Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.

31.

Superiority of Class Action:  Plaintiffs and the members of the Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the Class is impractical.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the Class members.

32.

Risk of Inconsistent or Varying Adjudication:  Class action treatment is proper, and this action should be maintained as a class action because the risks of separate actions by individual members of the Class would create a risk of:  (a) inconsistent or varying adjudications with

8

respect to individual Class members which would establish incompatible standards of conduct for the Defendants as the parties opposing the Class; and/or (b) adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of other Class members not party to the adjudication or would substantially impair or impeded their ability to protect their interests.

33.

Action Generally Applicable to Class as a Whole: Defendants, as the parties opposing the Class, have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

REQUESTS FOR RELIEF

COUNT ONE

FRAUD

34.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

35.

Defendants conducted a fraudulent scheme to entrap Plaintiffs into highly overpriced leases with extremely onerous terms. They willfully and knowingly made, or caused to be made, affirmative misrepresentations of material facts in the furtherance of this scheme. They also willfully and knowingly concealed material facts from Plaintiffs including the true value of the leased equipment, and routinely failed to give Plaintiffs a copy of the lease or even to reveal the existence of more than the first page of the lease.

9

36.

Defendants knew of the falsity of the misrepresentations at the time these misrepresentations were made. Defendants also knew the material nature of the facts that they willfully concealed from Plaintiffs, and that Defendants ought to have disclosed these facts at that time to the Plaintiffs. Defendants had superior knowledge not available to Plaintiffs; as such, they had the duty to disclose the facts.

37.

Plaintiffs relied upon Defendants' representations, and were unaware of the falsity or misleading nature of the representations. Plaintiffs' reliance was reasonable under the circumstances. As a result of such reliance, Plaintiffs sustained damages.

38.

By engaging in the conduct described above, Defendants committed a fraud upon Plaintiffs. Moreover, Defendants' wanton conduct was systematic, in reckless disregard of their statutory and other duties, tantamount to criminal indifference to civil obligations, and unconscionable.

39.

Defendants are therefore liable to pay Plaintiffs compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate. In addition, Plaintiffs is also entitled to the equitable remedies of rescission, and injunctive and declaratory relief.

## COUNT TWO

## NEGLIGENT MISREPRESENTATION

### 40.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

### 41.

Defendants conducted a fraudulent scheme to entrap Plaintiffs into highly overpriced leases with extremely onerous terms.    They made, or caused to be made, affirmative misrepresentations of material facts in furtherance of this scheme. They also concealed material facts from Plaintiffs including the true value of the leased equipment, and routinely failed to give Plaintiffs a copy of the lease agreement.

### 42.

Defendants ought to have known the falsity of the misrepresentations.  Defendants had superior knowledge not available to Plaintiffs; as such, they had the duty to disclose the facts.

### 43.

Plaintiffs relied upon Defendants' representations, and were unaware of the falsity or misleading nature of the representations. Plaintiffs' reliance was reasonable under the circumstances.  As a result of such reliance, Plaintiffs sustained damages.

### 44.

By engaging in the conduct described above, Defendants committed the tort of negligent misrepresentation upon Plaintiffs.

11

45.

Defendants are therefore liable to pay Plaintiffs damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate. In addition, Plaintiffs are also entitled to the equitable remedy of rescission, and injunctive and declaratory relief.

## COUNT THREE

## CONCEALMENT

46.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

47.

Defendants concealed or suppressed a material fact in that Defendants' sales representatives concealed the actual value of the leased equipment and the actual terms of the lease.

48.

Defendants were under a duty to disclose the fact to Plaintiffs; Defendants intentionally concealed or suppressed the fact with the intent to defraud Plaintiffs by inducing Plaintiffs to enter into a lease which was oppressive and onerous; Plaintiffs were unaware of the concealed fact and would have acted differently with knowledge of the concealed fact; and Plaintiffs suffered damage as a result of the concealed fact.

12

## COUNT FOUR

## MONEY HAD AND RECEIVED

### 49.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

### 50.

By the aforesaid unlawful acts, Defendants unlawfully billed and collected money to which they were not entitled. They received money belonging to Plaintiffs. Defendants benefited from the receipt of money and, under principles of equity and good conscience, they should not be permitted to keep the money.

### 51.

Defendants must not be permitted to take advantage of their own wrongs and retain, collect, or continue collecting such money.

### 52.

Moreover, Defendants are liable to pay Plaintiffs compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate.

## COUNT FIVE

## UNJUST ENRICHMENT

### 53.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

54.

By collecting excessive charges, Defendants benefited at the expense of Plaintiffs. Equity and good conscience require that Defendants be ordered to repay these sums to Plaintiffs towards restitution.

55.

Defendants must not be permitted to take advantage of their own wrongs and retain, collect, or continue collecting these illegal charges hereon.

56.

Moreover, Defendants are liable to pay Plaintiffs compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate.

## COUNT SIX

## UNCONSCIONABILITY

57.

Plaintiffs incorporate by reference the allegations from paragraphs 1-33 as if set forth verbatim herein.

58.

Defendants have imposed adhesive, unfair, and draconian terms in their merchant agreements.

59.

The merchant contracts are, as a whole or in part, substantively and procedurally unconscionable.

14

60.

Indeed, the merchant contracts are contracts of adhesion in that they are standardized forms, imposed and drafted by Defendants, which are the parties of vastly superior bargaining strength, that only allowed Plaintiffs and the Class members the opportunity to adhere to them or reject them entirely.

61.

The merchant contracts are deceptive, unfair, illusory, and misleading to any extent they allow Defendants to perpetrate the grossly improper acts described herein.

62.

Considering the great business acumen and experience of Defendants in relation to Plaintiffs and the Class members, the great disparity in the parties' relative bargaining power, the inconspicuousness and incomprehensibility of the contract language at issue, the oppressiveness of the terms, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns, the merchant contracts are unconscionable and, therefore, unenforceable as a matter of law.

63.

Plaintiffs and the Class members have sustained damages as a result of Defendants' unconscionable merchant contracts as alleged herein.

64.

Accordingly, Plaintiffs seek monetary, declaratory, and injunctive relief, including attorneys' fees and costs of suit.

WHEREFORE, Plaintiffs Ahmed Bakery, Inc. and Ahmed Hamzah, on behalf of themselves and the proposed Class, request that this Court:

15

(a)     Certify this case as a class action pursuant to O.C.G.A. § 9-11-23;

(b)     Award Plaintiffs and the Class actual, incidental, and consequential damages in an amount to be proven at trial, including any and all compensatory damages, punitive damages, restitution, any applicable penalties and interest, authorized attorneys' fees, interest, and costs, and any further relief as the Court deems just, equitable, and proper;

(c)     Award all reasonable costs and attorneys' fees incurred by Plaintiffs;

(d)     Hold a trial by jury on all matters; and

(e)     Provide such further relief as the Court may deem just and equitable.

DATED this 26th day April, 2017.

Respectfully submitted,

BY:     WEBB, KLASE & LEMOND, LLC

*/s/ E. Adam Webb*
E. Adam Webb
  Georgia Bar No. 743910
G. Franklin Lemond, Jr.
  Georgia Bar No. 141315

1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
(770) 444-0773
(770) 217-9950 (fax)
Adam@WebbLLC.com
Franklin@WebbLLC.com

*Attorneys for Plaintiffs*

16

# EXHIBIT B.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **AHMED BAKERY, INC. d/b/a** | ) | |
| **BABYLON'S MARKET AND BAKERY** | ) | |
| **and AHMED HAMZAH, on behalf of** | ) | |
| **themselves and all others similarly** | ) | **Civil Action File No.** |
| **situated,** | ) | |
| | ) | _____ |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LEASE FINANCE GROUP, LLC and** | ) | |
| **NORTHERN LEASING SYSTEMS,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF RON KINCHELOE

### 1.

Before the undersigned officer, duly authorized to administer oaths, comes

Ron Kincheloe, who upon being sworn, deposes and states as follows:

My name is Ron Kincheloe, I am above the age of majority, of sound mind and

body, and am otherwise competent to make this Affidavit based on my own

personal knowledge and/or the records of Defendants Northern Leasing Systems,

Inc. ("Northern Leasing") and/or Lease Finance Group, LLC ("Lease Finance")

(together, "Defendants").

2.

I am the President of Northern Leasing and was so employed at all times material to this matter. Northern Leasing originates, acquires and services equipment finance leases.

3.

Lease Finance is an affiliate of Northern Leasing. I am President, Treasurer and Assistant Secretary of Lease Finance. Lease Finance originates equipment finance leases.

4.

Northern Leasing is incorporated in New York. Lease Finance is incorporated in Delaware. Both Northern Leasing and Lease Finance maintain their principal place of business in New Jersey.

5.

Lease Finance is an LLC whose sole member is LF Platform, LLC, a New York limited liability company. LF Platform, LLC has two members. The first member is the Cohen Marital Trust, whose trustee is Sima Cohen, a New Jersey resident, and whose beneficiaries are New York residents. The second member is the Mezei Marital Trust, whose trustee is Beverly Mezei, a New York resident, and whose beneficiaries are New York residents.

6.

As part of their regular practice, Defendants maintain records made contemporaneously in the regular course of business related to and concerning the underlying lease agreements at issue in this matter and the payments made and received thereunder.

7.

I have reviewed such records and have concluded and determined that since April 26, 2013, Northern Leasing has originated or acquired approximately 100,000 equipment finance lease agreements.

8.

The leases originated or acquired by Northern Leasing over this time period have each been charged an average amount of approximately $1,000 per year pursuant to the terms of the lease agreements entered into.

9.

Accordingly, given a potential class size of approximately 100,000 and an average charge of approximately $1,000 per year to each such putative class member over that same four year time period, the aggregate amount sought in this action is, based on the claim for restitution alone, in excess of $100,000,000 per year assuming each member paid the amounts due. This amount does not include a calculation for other damages claimed by Plaintiffs, including (a) actual, incidental,

3

and consequential damages for themselves in an unspecified amount; (b) actual, incidental, and consequential damages for the putative class; (c) compensatory damages for themselves in an unspecified amount; (d) compensatory damages for the putative class; (e) any and all applicable penalties and interest; (f) punitive damages; (g) attorneys' fees; and (i) any further relief the Court deems "just, equitable, and proper."

10.

Accordingly, more than $5,000,000 is in controversy in this matter.

11.

The putative class is made up of citizens from a variety of states and more than two-thirds of the members of the putative class are not citizens of the State of Georgia.

12.

Defendants are not a State, State officials, or other government entity, and the proposed class is more numerous than 100 members.

4

FURTHER AFFIANT SAYETH NOT.

RON KINCHELOE

Sworn to and subscribed
before me this ⁨5⁩ day
of ⁨June⁩, 2017.

SHARMAN A. MEHLMAN
Notary Public, State of New Jersey
No. 50023092
Qualified in Hudson County
Commission Expires Sept. 28, 2020

Notary Public

My Commission expires:

5